IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JASON C. DODD | ) |
| | ) Case No. |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| ISRINGHAUSEN IMPORTS, INC. | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND JURY DEMAND

**NATURE OF CLAIM**

1. This action is brought to remedy discrimination on the basis of disability in the terms, conditions, and privileges of employment protected by the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et. seq., with supplemental claims under the Illinois Human Rights Act, 775 ILCS 5/1 et. seq.

**THE PARTIES**

2. Plaintiff is an adult male residing in Springfield, Illinois, and at all times relevant to this Complaint, was employed by Defendant Isringhausen Imports, Inc.

3. Plaintiff, at all times relevant to this complaint, was a qualified employee with a disability within the meaning of 42 U.S.C. §12111(8) of the ADA and an individual with a disability within the meaning of 775 ILCS 5/1-103(I) of the Illinois Human Rights Act.

4. Defendant is a dealer in new and used luxury vehicles located in Springfield, Illinois.

5. Defendant had 15 or more employees and was at all relevant times a covered employer within the meaning of 42 U.S.C. § 12111(5)(A) of the ADA and an employer within the meaning of 775 ILCS 5/2-101(B) of the Illinois Human Rights Act.

**JURISDICTION AND VENUE**

6.  The jurisdiction of this Court is conferred by 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over Plaintiff's state claims pursuant to 28 U.S.C. § 1367.

7.  Venue is properly laid in this judicial district pursuant to 42 U.S.C. § 12117(a), 42 U.S.C. § 2000E-5(f)(3), and 28 U.S.C. § 1331 because the employment practices involved in this dispute occurred in Springfield, Illinois, within this judicial district.

8.  Plaintiff has complied with all statutory prerequisites to his ADA claim, having filed a charge of discrimination with the Equal Employment Opportunity Commission and obtained a Notice of Right to sue letter dated July 8, 2020.  On June 29, 2020, the Illinois Department of Human Rights issued a Notice of Dismissal and Order of Closure based on Plaintiff's Opt-Out Request.

**FACTUAL ALLEGATIONS**

9.  Plaintiff is a disabled person, having been diagnosed with degenerative disc disease.  Degenerative disc disease limits major life activities, such as the ability to sit or stand for long periods of time, twist, turn, stoop or bend the spine.

10.  Plaintiff was hired to work as a technician/mechanic in February, 1993, and he was at all relevant times able to perform the essential functions of his position.

11.  Defendant knew about Plaintiff's disability and that he had been taking pain medication.

12.  On or about September 15, 2019, Plaintiff's employment was terminated by the service manager, Mike Dejanovich.  No reason was given initially for Plaintiff's

termination; however, after asking why after twenty-six years he was being fired, the service manager volunteered that owner Geoff Isringhausen did not want somebody who takes Plaintiff's pain medication moving or driving his vehicles.

13.  Shortly before he was terminated, a human relations employee of Defendant, Ms Char Wallace, asked Plaintiff about his back condition and whether he was still on pain medication.

14.  Plaintiff was never involved in a vehicle accident while working for Defendant.

15.  Plaintiff was never warned that he would be fired and no reason for Plaintiff's termination of employment is contained in Plaintiff's personnel file.

16.  Plaintiff has a history of clinical depression that was aggravated by the shock of his sudden termination.

## COUNT I
### Violation of the Americans with Disabilities Act
### (Discharge because of Degenerative Disc Disease)

17.  Plaintiff realleges and incorporates paragraphs 1 through 16 of this complaint.

18.  Plaintiff performed the duties of his position according to Defendant's expectations.

19.  Similarly situated non-disabled employees were not discharged under similar circumstances.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1)  Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees, litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

## COUNT II
### Violation of the Americans with Disabilities Act
### (Discharge because of Perceived Side Effects of Medication)

20.  Plaintiff realleges and incorporates paragraphs 1 through 19 of this complaint.

21.  Plaintiff's pain medication was required in the prudent judgment of the medical profession.

22.  Plaintiff's pain medication was necessary, and not required solely in anticipation of an impairment resulting from Plaintiff's voluntary choices.

23.  Plaintiff was able to safely perform his duties while taking his pain medication.

Jury Trial Demanded

## COUNT III
### Violation of the Illinois Human Rights Act
### (Discharge because of Degenerative Disc Disease)

24.  Plaintiff realleges and incorporates paragraphs 1 through 19 of this complaint

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees, litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

## COUNT IV
### Violation of the Illinois Human Rights Act
### (Discharge because of Perceived Side Effects of Medication)

25.  Plaintiff realleges and incorporates paragraphs 1 through 23 of this complaint.

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1)  Compensatory damages suffered because of embarrassment, humiliation, insult and emotional suffering; 2) Punitive damages because the Defendant acted with malice and reckless indifference to his rights; 3) Lost wages and front pay; 4) Attorney's fees, litigation expenses and court costs; 5) Post judgment interest; and 6) Any other relief the Court deems just and proper.

Jury Trial Demanded

                                Respectfully submitted,

                                **JASON C. DODD**

                              s/  James A. Devine
                              Attorney for Plaintiff

James A. Devine
Attorney at Law
607 East Adams, Suite 1510
Springfield, Illinois 62701
voice (217) 788-0798
facsimile (217) 788-1660
email:  jamesalbertdevine@gmail.com
ARDC No. 0625140