E-FILED
Tuesday, 30 March, 2021  02:36:25 PM
Clerk, U.S. District Court, ILCD

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| JASON C. DODD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 20-3181 |
| | ) | |
| ISRINGHAUSEN IMPORTS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, United States District Judge:

Plaintiff Jason C. Dodd has filed a four-count complaint wherein he asserts

claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 *et seq.*,

along with supplemental state law claims under the Illinois Human Rights Act, 775

ILCS 5/1 *et seq.*

Pending is the Motion of Defendant Isringhausen Imports, Inc. to Dismiss.

I.

The Plaintiff alleges he was employed by the Defendant at all relevant times

and was a qualified employee with a disability within the meaning of 42 U.S.C. §

12111(8) of the ADA and an individual with a disability within the meaning of 775

ILCS 5/1-103(I) of the Illinois Human Rights Act (IHRA).

The Defendant is a dealer in new and used luxury vehicles located in Springfield, Illinois.  The Defendant had 15 or more employees and was at all relevant times a covered employer within the meaning of the applicable portion of the ADA and an employer within the meaning of the IHRA.

The Plaintiff alleges he has complied with all statutory prerequisites before filing this case.  He filed a charge of discrimination with the Equal Employment Opportunity Commission and obtained a right to sue letter dated July 8, 2020.  On July 29, 2020, the Illinois Department of Human Rights (IDHR) issued a Notice of Dismissal and Order of Closure based on Plaintiff's Opt-Out Request.

The Plaintiff alleges he is a disabled person, having been diagnosed with degenerative disc disease.  Degenerative disc disease limits major life activities, such as the ability to sit or stand for long periods of time, twist, turn, stoop or bend the spine.

The Plaintiff was hired to work as a technician/mechanic in February 1993 and he was at all relevant times able to perform the essential functions of his position. The Defendant was aware of the Plaintiff's disability and that he had been on pain medication.

On or about September 15, 2019, the Plaintiff's employment was terminated by the service manager, Mike Dejanovich.  Initially, no reason was given for the

termination.  After the Plaintiff inquired as to why he was being terminated after 26 years of service, the service manager volunteered that owner Geoff Isringhausen did not want someone who takes the Plaintiff's pain medication moving or driving his vehicles.

Soon before the Plaintiff was terminated, Char Wallace, a human resources employee of the Defendant, asked the Plaintiff about his back condition and whether he was still on pain medication.  The Plaintiff was never involved in a vehicle accident while working for the Defendant.  He was never warned he would be fired and no reason for his termination is contained in the Plaintiff's personnel file.  The Plaintiff has a history of clinical depression that was aggravated by the shock of his sudden termination.

## II. LEGAL STANDARD

At this stage, the Court accepts as true all of the facts alleged in the complaint and draws all reasonable inferences therefrom.  *See Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011).  "[A] complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis." *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011) (internal quotation marks omitted).  Courts must consider whether the complaint states a "plausible" claim for relief.  *See id.*  The

complaint must do more than assert a right to relief that is "speculative." *See id.*

However, the claim need not be probable: "a well-pleaded complaint may proceed

even if . . . actual proof of those facts is improbable, and . . . a recovery is very remote

and unlikely." *See Independent Trust Corp. v. Stewart Information Services Corp.*,

665 F.3d 930, 935 (7th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 556 (2007)).  "To meet this plausibility standard, the complaint must supply

'enough fact to raise a reasonable expectation that discovery will reveal evidence'

supporting the plaintiff's allegations." *Id.*

## III. DISCUSSION

In Count I, the Plaintiff alleges that his discharge due to degenerative disc

disease was a violation of the ADA.  In Count II, he alleges his discharge because

of perceived side effects of medication constituted an ADA violation.  In Count III,

the Plaintiff alleges his discharge because of degenerative disc disease was a

violation of the IHRA.  In Count IV, he alleges his discharge due to perceived side

effects of medication constituted a violation of the IHRA.

The Defendant moves to dismiss Counts II and IV on the basis that Plaintiff

failed to exhaust his administrative remedies for the "side effects of medicine"

claims.  Because the Plaintiff's charge concerned only one type of claim—

discrimination as to degenerative back disease—the Defendant contends the "side

effects" claims are not "reasonably related" to the claim he advanced before the IDHR; his administrative remedies are not exhausted and Counts II and IV should be dismissed.

"The primary purpose of the EEOC charge requirement is twofold: it gives the EEOC and the employer a chance to settle the dispute, and it gives the employer notice of the employee's grievances." *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cty.*, 804 F.3d 826, 831 (7th Cir. 2005). To determine whether a plaintiff has exhausted his claims, courts examine:

> whether the allegations are like or reasonably related to those contained in the EEOC complaint. If they are, then we ask whether the current claim reasonably could have developed from the EEOC's investigation of the charges before it. Claims are reasonably related if there is a factual relationship between them. At a minimum, this means that the EEOC charge and the complaint must describe the same conduct and implicate the same individuals.

*Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005) (internal citations omitted).

The Court notes that Plaintiff filed his charge without the assistance of counsel. Counts II and IV share common facts and thus are related to those that were part of the EEOC charge. Although the Plaintiff did not include the "side effects of medication" claims in his EEOC charge, the Court believes that the omitted claim could have been developed from the EEOC's investigation of the charge that was made. His discharge due to degenerative disc disease was included in his EEOC charge. Here, the Plaintiff was taking the medication that he claims resulted in his

discharge because of perceived side effects for the degenerative disc disease.

Moreover, the human resources employee is alleged to have asked about his

degenerative disc condition and pain medication at the same time. Because of this

close connection, the Court finds that the side effects of medication claim reasonably

could have been developed from the EEOC's investigation of the degenerative disc

disease claim. Accordingly, the Court will deny the motion to dismiss.

Ergo, the Defendant's Motion to Dismiss Counts II and IV [d/e 4] is DENIED.

This action is referred to United States Magistrate Judge Tom Schanzle-Haskins for further proceedings related to discovery and entry of a scheduling order.

ENTER: March 30, 2021

FOR THE COURT:

/s/ *Richard Mills*
Richard Mills
United States District Judge